Metcalf, J.
The defendants rightly suppose that this pauper’s settlement follows that of his father. And they attempt to show that his father acquired a settlement in Canton, by virtue of the provision in St. 1821, c. 94, and the Rev. Sts. c. 45, as heretofore construed and applied by the court. That provision is, that “ any person of the age of twenty-one years, being a citizen of this or any other of the United States, having an estate of inheritance or freehold in any town within the state, and living on the same three years successively, shall thereby gain a settlement in such town.” Under this provision, a citizen who has a freehold in right of his wife, in land assigned to her as dower, has been held to gain a settlement ; Windham v. Portland, 4 Mass. 384; also a citizen who is cestui que trust of an estate of inheritance or freehold. Orleans v. Chatham, 2 Pick. 29; Scituate v. Hanover, 16 Pick. 222. It is on these last two cases that the defendants principally rely. But it does not appear, in either of those cases, that the trust was unlawfully created. That does appear in the present case. The deed of Ephraim and Mille Capen to Jonathan Capen was without consideration, and was fraudulently made for the purpose of delaying and hindering Ephraim’s creditors. This was an alienation of his freehold, by an executed contract, which nobody besides his creditors could draw into question. No trust can arise from such a conveyance merely. Not for the grantors nor their hens; because against them the conveyance is valid, and they can never reclaim the granted property, nor any interest in it: Not for creditors; because against them the conveyance is void, and *528 they may seize the property itself. If the instrument that was given back by Jonathan Capen, and which the defendants suppose to have raised a trust, was legally proved by secondary evidence, (a point which we need not decide,) yet it was an executory contract, founded on a fraudulent transaction; and no court of equity would enforce it on the application of the grantors. Batten on Specific Performance, Book 1, c. 9; Lewin on Trusts, 165, 167, & cases there cited; Battersby v. Smyth, 3 Madd. 110; St. John v. Benedict, 6 Johns. Ch. 111 ; James v. Bird's Administrator, 8 Leigh, 510. Nor would a court of law sustain an action on it. We are therefore of opinion that this instrument did not constitute a trust estate of freehold in Ephraim Capen, sufficient to give him a settlement." New trial granted.